# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KR CITRUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DANDREA PRODUCE, LLC, <br><br> Defendant. | Case No. 1:21-cv-00811-NONE-SAB <br><br> ORDER REQUIRING COUNSEL FOR DEFENDANT DANDREA PRODUCE, LLC, TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR FOR MANDATORY SCHEDULING CONFERENCE <br><br> ORDER DIRECTING CLERK OF COURT TO TERMINATE DEFENDANT DANDREA PRODUCE, INC. AS A PARTY IN THIS ACTION <br><br> **THREE-DAY DEADLINE** |

Plaintiff KR Citrus, Inc., filed this action on May 19, 2021, against Dandrea Produce, Inc. (ECF No. 1.)  On August 24, 2021, the Court granted the parties' stipulation to file an amended complaint due to the proper defendant being Dandrea Produce, LLC, not Dandrea Produce, Inc. (ECF No. 9.)  On August 25, 2021, the Plaintiff filed a first amended complaint only naming Dandrea Produce, LLC as a defendant.  (ECF No. 10.)  Defendant Dandrea Produce, LLC, filed an answer on October 4, 2021.  (ECF No. 12.)

Following a continuance, the mandatory scheduling conference was scheduled in this matter for October 28, 2021.  (ECF Nos. 3, 9.)  Pursuant to the initial order setting the conference, all parties were required to attend the scheduling conference.  (ECF No. 3 at 2.)  The

1  order also informed the parties that "**[s]hould counsel or a party appearing pro se fail to
2  appear at the Mandatory Scheduling Conference, or fail to comply with the directions as
3  set forth above, an ex parte hearing may be held and contempt sanctions, including
4  monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed
5  and/or ordered.**"  (Id. at 7 (emphasis in original).)  Local Rule 110 further provides that
6  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
7  be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
8  the Court."  The Court has the inherent power to control its docket and may, in the exercise of
9  that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v.
10 Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

11    The parties filed their joint scheduling report on October 22, 2021.  (ECF No. 13.)[1]  On
12 October 28, 2021, the Court held the mandatory scheduling conference.  Michael Smith appeared
13 on behalf of Plaintiff.  No counsel for Defendant Dandrea Produce, LLC, appeared at the
14 scheduling conference.

15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[1]  The joint scheduling report appears to have erroneously used the caption with Dandrea Produce, Inc. and the signature line for counsel Robert Goldman proffers it was signed in the capacity of counsel for Dandrea Produce, Inc. only.  (ECF No. 13.)  This appears to have been a mistaken carry-over from the previous scheduling report, as this more recent scheduling report does affirm that Plaintiff filed the amended complaint that named Dandrea Produce, LLC, in place of Dandrea Produce, Inc.  (ECF No. 13 at 3.)  Further, the answer to the amended complaint filed on October 4, 2021, was filed by the LLC and identifies Robert Goldman as attorney for the LLC.  (ECF No. 12.)  Given the operative complaint on file only names Dandrea Produce, LLC, and the docket still reflects Dandrea Produce, Inc. is a party in this action, the Court shall direct the Clerk of the Court to eliminate Dandrea Produce, Inc. as a party on the docket for this matter.

Based on the foregoing, IT IS HEREBY ORDERED that

1. Within **three (3) days** of entry of this order, counsel for Defendant Dandrea Produce, LLC, shall show cause in writing why sanctions should not be imposed for failing to appear at mandatory scheduling conference; and

2. The Clerk of the Court is DIRECTED to terminate Dandrea Produce, Inc. as a party in this matter.

IT IS SO ORDERED.

Dated:   **October 28, 2021**

UNITED STATES MAGISTRATE JUDGE